**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICK WILLIAMS, | No. 11-15230 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-00083-SMS |
| v. | |
| DEPARTMENT OF CORRECTIONS, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Sandra M. Snyder, Magistrate Judge, Presiding[**]

Submitted February 21, 2012[***]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Patrick Williams, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Williams consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under 28 U.S.C. § 1915A for failure to state a claim, *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011), and we affirm.

The district court properly dismissed Williams's claims alleging deliberate indifference to health and safety because Williams did not allege facts showing that defendants acted with deliberate indifference regarding any deprivation of medical care or unsafe conditions of confinement. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

The district court properly dismissed Williams's due process claims relating to his confinement in administrative segregation because absent an allegation of atypical and significant hardship, such confinement does not implicate a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995).

The district court did not abuse its discretion by denying Williams's request for appointment of counsel because Williams failed to show exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (describing exceptional circumstances).

Williams's remaining contentions are unpersuasive.

**AFFIRMED.**